**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabrina Smith, et al., | No. CV-18-00323-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| John T. Shartle, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Compel Discovery. (Doc. 55.) Plaintiffs argue that the discovery provided by the Department of Justice ("DOJ") is insufficient and that Plaintiffs are unable to identify those involved in Clinton Dewayne Smith's transfer to a cell shared with Romeo Giovanni. Plaintiffs claim this is because they were not given information about (1) the persons directly involved in the transfer of Smith (a) to the Special Housing Unit ("SHU") and (b) to a cell with Giovanni; or (2) the names of the Associate Warden, Captain, and Operations Lieutenant. Furthermore, the DOJ has not provided the addresses and telephone numbers of the individuals who may have information about Smith's transfer, nor have they given descriptions of the nature of the information the individuals may possess.

The DOJ, in contrast, claims it has met the discovery requirements because it has disclosed the names of the persons on duty in the SHU when Smith was transferred, and the name of the Operations Lieutenant. The DOJ refuses to provide the last known address or phone numbers of these individuals until they are named defendants in an

amended complaint. The DOJ believes this measure is necessary to protect these individuals' privacy; once named as defendants, the DOJ intends to contact them to determine whether they will accept DOJ representation.

The Court agrees with the DOJ that the discovery rules do not require it to provide summaries beyond the statement that the individuals may have information about Smith's cell placement. At first glance, it appears that the DOJ's argument that it will not provide contact information for these individuals places Plaintiffs in a Catch-22 situation. It requires Plaintiffs to name individual defendants in an Amended Complaint before being given the contact information for Plaintiffs to discern whether these persons should be named defendants. However, in addition to the names of individuals, the DOJ has also produced:

> (1) [D]aily assignment rosters listing all Bureau of Prisons ("BOP") employees working in the SHU at USP Tucson from May 15, 2016 to July 5, 2016; (2) incident reports documenting the reasons for Mr. Giovanni's transfer to the SHU; (3) incident reports documenting the reasons for Mr. Smith's transfer to the SHU; (4) Mr. Smith's BP-A0292 record reflecting his time in the SHU; and (5) documents memorializing the date and time of Mr. Smith and Mr. Giovanni's placement in the same cell.

and further provided;

> (1) the relevant shift times; (2) the complete names of the five BOP employees on duty in the SHU at the time Mr. Smith and Mr. Giovanni were placed in the same cell . . . ; and (3) the full name of the Operations Lieutenant on duty at that hour.

(Doc. 58 at 4.) The Court finds that this information sufficiently narrows the list of individuals who were likely involved in the transfer and allows an amended pleading that could meet the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (pleading does not require detailed allegations but that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

The DOJ was required to provide the names of individuals that played a role in

Smith's cell placement. They have done so. Despite the DOJ's indication that the Operations Lieutenant was not involved in the transfer, because of the implied responsibility for cell placement in the Special Post Orders (Doc. 55-1 at 5) it has provided that information as well. Plaintiffs further assert that the DOJ must provide the names of the Associate Warden and the Captain because Plaintiffs have made good-faith allegations of their involvement. The Court presumes that these "allegations" are those stated in their proposed Second Amended Complaint. (Doc. 29-1 at 7, ¶ 17; 38, ¶ 160.) However, like the allegations against Warden Shartle and McClintock, the proposed Second Amended Complaint makes no allegations that either position (1) had knowledge of the threats made by Giovanni or (2) was directly responsible for the celling of Giovanni and Smith together. Furthermore, unlike the position of Operations Lieutenant, Plaintiffs have not pointed to any regulation demonstrating that either the Associate Warden or the Captain play a role in cell placement. Plaintiffs have not demonstrated they should be provided this information.

The court is well aware that this ruling means that Plaintiff may wind up naming everyone whose name they have been provided. The Court supposes that if the DOJ wants to file a motion to dismiss for those people who may not be involved because it has refused to provide contact information or a more detailed description of nature of the information possessed, so be it.

Accordingly, IT IS ORDERED Plaintiffs' Motion to Compel Discovery is DENIED. (Doc. 55.) Plaintiffs shall have fourteen (14) days from the date of this Order to file their Third Amended Complaint.

Dated this 14th day of November, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge