**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Clinton Dewayne Smith, et al., | No. CV-18-00323-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| John T. Shartle, et al., | |
| Defendants. | |

Pending before the Court is Defendant United States' Motion for Temporary Stay of Discovery Pending Resolution of Motion to Dismiss. (Doc. 111.) This matter has been fully briefed. (Docs. 111, 118, 121.) This case has proceeded in an unusual manner, resulting in the disjointed status of discovery that now exists between Defendant United States ("Defendant United States") and Defendants John Domitrovich, et al. ("*Bivens* Defendants"). As fully outlined below, in the interests of promoting judicial economy and resolving the current fragmentation in the discovery process, the Court grants the motion.

a. Relevant Facts

The procedural history of this case is extensive and will not be summarized in its entirety here. There are, however, a number of points the Court wishes to highlight. On July 2, 2018, Plaintiffs filed their first *Bivens* complaint against two named wardens and seven un-named defendants arising out of the death of Clinton Dewayne Smith. (Doc. 1.) Since that time, Plaintiffs have filed several amended *Bivens* complaints against shifting individual government employees, culminating in the operative fourth amended complaint against sixteen *Bivens* Defendants. (Doc. 103.)

In the interim, on June 20, 2019, Plaintiffs filed a separate Federal Tort Claims Act ("FTCA") action against the United States arising out of the same event. (Doc. 1, Case No. CV-19-00325-TUC-RCC.) On June 28, 2019, the Court consolidated the two actions pursuant to Local Rule 42. (Doc. 44.) After consolidation, Defendant United States filed its Motion to Dismiss for Lack of Jurisdiction on October 5, 2019. (Doc. 64.) With this motion pending, the Court issued an order finding that, pursuant to Federal Rule of Civil Procedure 12(a)(4) and General Order 17-08(A)(6), Defendant United States was not required to provide discovery under the Mandatory Initial Discovery Pilot ("MIDP") until "the Court's ruling on the pending Motion to Dismiss and the remaining parties' answers or Rule 12 motions." (Doc. 84.) Subsequently, the Court denied Defendant United States' Motion to Dismiss. (Doc. 92.) After filing its answer (Doc. 93), Defendant United States disclosed "approximately 2,900 pages of documents, including staff rosters, inmate files, and investigation documents concerning the death of Smith." (Doc. 111 at 6.)

On June 26, 2020, Plaintiffs filed their fourth amended *Bivens* complaint. (Doc. 103.) *Bivens* Defendants then filed their Motion to Dismiss. (Doc. 109.) As of October 28, 2020, this matter has been fully briefed. (Docs. 103, 109, 128, 134.) The Court has yet to rule on the pending Motion to Dismiss.

The issue currently before this Court follows Plaintiffs' request for discovery from Defendant United States. (Doc. 111-1.) Plaintiffs' request included records of inmate-on-inmate violence and details of "the involvement of all individuals who decided or effectuated the cell placement of Romeo Giovanni and Clinton Smith . . . . [and] every reason and any rationale as to why Romeo Giovanni was celled with Clinton Smith . . . ." (Doc. 111-1 at 9–10.) Defendant United States recognizes that it will eventually provide this information as part of the discovery process, but it asks this Court to temporarily stay discovery pending resolution of *Bivens* Defendants' Motion to Dismiss. (Doc. 111 at 12–15; Doc. 121 at 5.)

In relevant part, Defendant United States argues that the discovery request, although not directed at *Bivens* Defendants, inextricably involves information relating to Plaintiffs'

claim against these sixteen individuals. (Doc. 111 at 13.) Plaintiffs contend that "[t]he fact that the discovery may finally reveal which Bureau of Prisons official did what with respect to the circumstances in this case . . . is of no consequence to the Court's analysis." (Doc. 118 at 3.) Additionally, Plaintiffs urge the Court to avoid further delay, noting that the information requested will eventually be disclosed as the FTCA claim against Defendant United States proceeds. (*Id.* at 7, 9.)

    b.  Discussion

Although motions to stay discovery are generally disfavored, "[a] district court has discretion to stay civil proceedings in the interest of justice and in the light of the particular circumstances of the case." *Moreno v. Maricopa Cty. Corr. Health Servs.*, No. CV-17-01074-PHX-DJH (JFM), 2018 WL 3154470, at *3 (D. Ariz. June 28, 2018) (citing *Grubbs v. Irey*, No. Civ. S-0601714 RRB GGH, 2008 WL 906246, at *1 (E.D. Cal. Mar. 31, 2008); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and efforts for itself, for counsel, and for litigants.").

As the parties correctly observe, Plaintiffs' FTCA claim against Defendant United States will proceed. This includes the attendant discovery. Nonetheless, Plaintiffs had this valid FTCA claim at the time they filed their original *Bivens* action. While Plaintiffs relay the difficulty they have had litigating this case given the "secretive" nature of the events (Doc. 118 at 9), the fact remains, had Plaintiffs filed these claims together, the trajectory of discovery from all defendants would have proceeded on the same timeline. However, because of the unique procedural history of the case, this did not happen. Instead, Defendant United States provided initial discovery before the fourth amended *Bivens* complaint and subsequent Motion to Dismiss.

The Court would like to resolve the disjointed nature of this case moving forward in light of the circumstances and in the interests of judicial economy. Therefore, the Court will temporarily stay additional discovery until the resolution of the pending Motion to Dismiss

as to *Bivens* Defendants. This will allow all parties to proceed on the same timeline and offer more clarity.

Furthermore, the Court does not believe that the information requested by Plaintiffs is necessary at this point to the extent it could have supported Plaintiffs' claims against *Bivens* Defendants. With regard to the fourth amended *Bivens* complaint, Plaintiffs need only meet the pleading standard. Of possible assistance, Plaintiffs now have more than 2,000 pages of discovery including staff rosters, daily logs, inmate rosters, post orders, and policies and program statements. (Doc. 121 at 4–5.)

**IT IS ORDERED GRANTING** the Motion for Temporary Stay of Discovery Pending Resolution of Motion to Dismiss. (Doc. 111.)

Dated this 16th day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge