**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabrina Smith, | No. CV-18-00323-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| John T Shartle, et al., | |
| Defendants. | |

Pending before the Court is the United States of America's Motion for "Attorneys' Eyes Only" Provision in Stipulated Protective Order. (Doc. 122.) The parties agree that certain disclosure should be deemed confidential but disagree whether a provision for "Attorneys' Eyes Only" ("AEO") is appropriate. The Government would like certain materials designated AEO, including "(i) videos showing the inside of the [SHU] at USP Tucson and two documents describing the video content; (ii) SHU Post Orders (which document in detail practices and procedures employed by BOP staff within the SHU); and (iii) staff rosters for USP Tucson." (Doc. 126 at 5.) The Government argues that disclosure beyond the attorneys' eyes "will compromise the safety and security of Bureau of Prisons ("BOP") correctional facilities, its staff, and inmates." (*Id.* at 2.) Counsel for the individual Defendants agrees to the AEO provision. (*Id.* at 5, n.2.)

Plaintiff Sabrina Smith believes that the protections in the stipulated protective order are adequate, and so an AEO provision would be unnecessary and "unprecedented." (Doc. 124 at 2.) As it now stands, either party may designate certain discovery "confidential,"

upon which the party receiving the discovery may not distribute the information to unauthorized persons. (*Id.*) Moreover, Plaintiff argues she is not an incarcerated inmate, so the precaution is unwarranted. She believes the Government's last-minute motion insinuates Plaintiff Sabrina Smith is "untrustworthy." (*Id.* at 3.) Finally, Plaintiff asserts she will be prejudiced if the disclosure is withheld because her counsel will be unable to share work product because it would need to be highly redacted. (*Id.* at 14.)

The district courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). However, a party requesting a protective order must show specific harm will occur in the absence of the protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

First, it is true Plaintiff Sabrina Smith is not incarcerated; however, given the allegations in the suit, the Court is concerned because it appears Mrs. Smith has not followed court orders in the past. She disregarded a court order (albeit directed towards her incarcerated husband) that prevented contact between her husband Clinton Smith and his victim – their daughter. Mrs. Smith encouraged contact over the phone, which ultimately led to Mr. Smith's move to the Special Housing Unit ("SHU") and his untimely death. (Doc. 64-2 at 12.) Plaintiff's assertions that the contact condition was not imposed upon her nor was it applicable until Mr. Smith was on supervised release are unpersuasive. (*See* Doc. 124 at 6-7.) Furthermore, Mrs. Smith continues to have connections to current inmates. (*See* Doc. 123-1 at ¶ 5.) Moreover, the parties agree the information that would be subject to the AEO is highly sensitive and presents a severe security risk if disseminated.

The safety of correctional facilities is of the utmost importance. *Goldman v. McRoberts*, No. 2:17-cv-14093, 2019 U.S. Dist. LEXIS 2155, at *3-4 (E.D. Mich. Feb. 6, 2019). On balance, the Court finds that the substantial risk of harm and Plaintiff Sabrina Smith's history outweigh Mrs. Smith's need to view disclosure. The Government has shown good cause to attach an AEO provision to certain disclosure; it has met its burden

of showing specific harm that may occur if the confidential information were erroneously released, including creating a risk of harm to BOP staff and inmates alike. (*See* Doc. 126 at 3.) Mrs. Smith retains access to most of the discovery, and the materials subject to the AEO are limited specifically to those that pose a specific risk to the BOP.

IT IS ORDERED United States of America's Motion for "Attorneys' Eyes Only" Provision in Stipulated Protective Order is GRANTED. (Doc. 122.) IT IS FURTHER ORDERED the Protective Order including the "Attorneys' Eyes Only" provision attached herein shall be the operative Protective Order in this case.

Dated this 17th day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabrina Smith,<br><br>    Plaintiff,<br><br>v.<br><br>John T Shartle, et al.,<br><br>    Defendants. | No. CV-18-00323-TUC-RCC<br><br>**PROTECTIVE ORDER** |

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information subject to the Privacy Act, 5 U.S.C. § 552a, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs Estate of Clinton Dewayne Smith and Sabrina Smith ("Plaintiffs") and Defendant the United States of America ("Defendant") (collectively, the "Parties"), hereby stipulate to and petition the Court to enter the following Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.     DEFINITIONS**

2.1.   Agency Counsel: Attorneys who are employees of the Federal Bureau of Prisons, as well as their support staff.

2.2.   "ATTORNEYS' EYES ONLY" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things, including, but not limited to, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony, and depositions, data, summaries, and compilations derived therfrom, that shall be disclosed only to Counsel of Record (including the paralegal, clerical, and secretarial staff employed by such counsel), to the Court and Court personnel, and to consultants, experts, and their staff retained by the Parties or their Counsel for purposes of this litigation, but shall not be disclosed to any third party or to any Party to this action, other than the disclosing party, except by written stipulation of the Parties or by court order.

2.3.   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.4.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things, including, but not limited to, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony, and depositions, data, summaries, and compilations derived therefrom, that is deemed to be confidential information by any party to which it belongs.

2.5    Contract Counsel:   Attorneys who have entered into a contract with Counsel of Record for purposes of this litigation, and their support staff.

2.6.   Counsel (without any qualifier): Counsel of Record, Agency Counsel, and Contract Counsel.

2.7. Counsel of Record: Attorneys who are not employees of a Party to this action but represent or advise a Party to this action and have appeared in this action on behalf of that Party, including any other attorneys, paralegals, secretaries, and other support staff affiliated with a law firm or office that has appeared on behalf of that Party.

2.8. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.9. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.11. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12. Party: Any party to this action, including, but not limited to, a party's officers, directors, employees, consultants, retained experts, and Counsel of Record.

2.13. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.16. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1. <u>Basis for the Designation of Protected Material</u>.  Any Party may designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the safety or security of any individual or the public, or the information is among that considered to be most sensitive by the Party, including, but not limited to, an individual's private information, law enforcement sensitive information, or trade secret or otherwise confidential and proprietary information.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that, in the view of the Producing Party, qualifies for protection under this Order must be clearly so designated by the Producing Party before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in deposition, that the Designating Party designate as "CONFIDENTIAL" all testimony subject to protection within fifteen (15) days following receipt of the deposition transcript.  When a deposition taken on behalf of any Party involves disclosure of confidential information of any Party or Non-Party, the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to the Court for filing must not be filed unless it can be accomplished under seal, identified as

being subject to this Order, and protected from being opened except by order of this Court.

(c)  the Designating Party may further designate certain discovery material or testimony that contains information of a highly confidential or private nature, including non-publicly available information, as "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 5.2(a) and (b), above, except that the applicable legend for such information shall be: "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

5.3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  The Parties will follow the Court's required meet and confer process relating to discovery disputes when challenging any confidential designations.

6.3.   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Parties will follow the Court's discovery dispute procedures for challenging any confidential designation.

6.4.   Maintain Confidentiality Pending Resolution of Dispute.  Any Disclosure or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" by the Designating Party shall be treated as Protected Material and covered by the protections conferred by this Order until the Court has ruled on any objections challenging a confidential designation or the matter has been otherwise resolved.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.   Basic Principles.  A Receiving Party may use, or disclose to the individuals identified in Section 7.2 below, Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.[1]  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

(a) the Receiving Party and its Counsel of Record in this action, as well as employees of said Counsel of Record;

(b) the officers, directors, and employees (including Agency Counsel) of the Receiving Party;

(c) the Court and its personnel;

---

[1] The Parties agree that the meaning of "disclosure" excludes Counsel for Plaintiffs asking open-ended questions of deponents that may be informed by Confidential Information received under this Protective Order, provided that Counsel for Plaintiffs do not read from or expressly quote any information designated as "CONFIDENTIAL" or "Attorneys' Eyes Only."  The Parties further agree that if Counsel for Plaintiffs ask a question that asserts or rewords what a document designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" provides, that is not an open-ended question for purposes of this footnote.

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) Contract Counsel retained by the Receiving Party for purposes of this litigation, provided that prior to receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order;

(g) Experts (as defined in this Order) of the Receiving Party, including stenographic and clerical employees associated with such Experts, provided that prior to receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order;

(h) Investigators formally retained by the Receiving Party for purposes of this litigation, provided that prior to receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order;

(i) professional jury or trial consultants, mock jurors, and Professional Vendors, provided that prior to receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order;

(j) technical personnel of the Receiving Party with whom Counsel of Record for the Receiving Party finds it necessary to consult in preparation for trial of this action, provided that prior to receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order; and

(k) other persons by written agreement between Counsel of Record for the Designating Party and Counsel of Record for the Receiving Party, provided that prior to

receiving any Protected Material, the persons to whom the information or items are disclosed execute a copy of the agreement attached hereto as Exhibit A, agreeing to be bound by this Order.

**8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE   PROTECTED MATERIAL**

The Parties are expected to comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, and with the provisions of this Order.

**10.    MISCELLANEOUS**

10.1. Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2. Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.3. Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material unless it is filed under seal.  No document shall be filed under seal unless counsel secures

a court order allowing the filing of a document under seal. Counsel of Record will follow the applicable procedures set forth in Local Rule of Civil Procedure 5.6(d).

10.4. <u>Modifications</u>. The Court may modify the protective order at the request of Counsel of Record for the Parties, in the interests of justice, or for public-policy reasons.

10.5. <u>Required Disclosure</u>. Nothing within this Order will be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court.

**11. FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material in a manner that eliminates the possibility of retrieval of such material, except for material that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO ORDERED.

Dated this 17th day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge